T.C. Memo. 2001-192

UNITED STATES TAX COURT

RICHARD MICHAEL MANAGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6795-99.                    Filed July 26, 2001.

Richard Michael Managan, pro se.

<u>Michael A. Pesavento</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notices dated March 17, 1999, respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to Tax | | |
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| --- | --- | --- | --- | --- |
| 1995 | $13,590 | $1,835 | $1,346 | $412 |
| 1996 | 12,562 | 1,922 | 897 | 436 |

Unless otherwise indicated, all section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues remaining for determination are who has the burden of proof; whether a 1996 settlement payment is, pursuant to section 104(a)(2) excludable from income; and whether certain expenses incurred in 1995 and 1996 are deductible.

FINDINGS OF FACT

When the petition was filed, petitioner resided in Titusville, Florida. During 1995 and 1996, petitioner was married to Yvette Managan. Petitioner and Mrs. Managan did not file individual Federal income tax returns for the taxable years 1995 and 1996.

During 1995 through June 1, 1996, petitioner was employed as the Director of Management Services for Brevard County, Florida. On January 26, 1996, petitioner was severely injured (i.e., injuries to his head, neck, back, etc.) in a motorcycle accident. As a result of these disabilities, Brevard County asked petitioner to resign and, on June 1, 1996, he did so.

Petitioner consulted an attorney and sought a settlement from Brevard County. Petitioner discussed with Tom Jenkins, the County Supervisor of Brevard County, a potential wrongful termination claim against Brevard County under the Americans with Disabilities Act, 42 U.S.C. secs. 12101-12213 (1994) (ADA).

Subsequently, on May 31, 1996, petitioner received a check from Brevard County for $15,920. As a result, petitioner did not file a claim against the county.

In 1992, Mrs. Managan began taking courses at the University of Central Florida (UCF). During 1995 and 1996, petitioner and Mrs. Managan operated a Schedule C business, Monticello Research Group (MRG), which conducted environmental audits of real property. During this same period, Mrs. Managan attended UCF. While attending UCF, Mrs. Managan did quality control work as an independent contractor for a professor. In 1996, Mrs. Managan received a bachelor's degree in chemistry. In 1997, she began working in a chemistry laboratory for BTR Labs.

During 1996, shortly after his motorcycle accident, petitioner began constructing a boat, the Dinky Dau. Petitioner intended to use the boat to fish for lobster off the coasts of Honduras and Nicaragua. In 1996, petitioner paid $975 to his attorney to obtain a lobster fishing license from Honduras.

## OPINION

As a preliminary matter, petitioner contends that, pursuant to section 7491(a), the burden of proof should be on respondent. The parties agree that the examination began after July 22, 1998. Respondent, however, contends that the burden of proof is on petitioner because petitioner did not satisfy the requirements of section 7491(a). In order for respondent to have the burden of

proof on a factual issue, petitioner must introduce credible evidence relating to the issue. Sec. 7491(a). Evidence is credible if a court would find it "sufficient upon which to base a decision on the issue if no contrary evidence were submitted". Higbee v. Commissioner, 116 T.C. ___, ___ (2001) (slip op. at 8) (quoting H. Conf. Rept. 105-599 at 240 (1998), 1998-3 C.B. 755, 994). In addition, petitioner must comply with the Code's substantiation requirements, maintain all records required by the Code, and cooperate with respondent. Sec. 7491(a). We address the burden of proof separately as it relates to each issue.

I. The Settlement

Respondent determined that the $15,920 payment from Brevard County was subject to tax. Petitioner contends that this payment was excludable from income pursuant to section 104(a)(2). This section excludes from gross income "the amount of any damages * * * received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness". An amount may be excluded only when it was received both: (1) Through prosecution or settlement of an action based upon tort or tort type rights, and (2) on account of personal injuries or sickness. Commissioner v. Schleier, 515 U.S. 323, 336-337 (1995); sec. 1.104-1(c), Income Tax Regs.

A settlement of claims arising under the ADA, if paid on account of personal injury or sickness, may qualify for exclusion

from income pursuant to section 104(a)(2), because the remedies available include compensatory and punitive damages, as well as damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. 42 U.S.C. sec. 1981a(b) (1994); <u>Phillips v. Commissioner</u>, T.C. Memo. 1997-336. Petitioner and Mr. Jenkins' testimony established that Brevard County made the payment to settle petitioner's potential ADA claim for wrongful termination. Petitioner failed, however, to establish that any portion of the payment was for nonpecuniary damages. See <u>Getty v. Commissioner</u>, 91 T.C. 160, 175-176 (1988), affd. on this issue, revd. on other issues 913 F.2d 1486 (9th Cir. 1990); <u>Wise v. Commissioner</u>, T.C. Memo. 1998-4. Accordingly, petitioner is not entitled to exclude any portion of the settlement. Because petitioner failed to present any evidence relating to the allocation of the settlement, we conclude that he had the burden of proof. See <u>Higbee v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 12).

## II. <u>Educational Expenses</u>

Respondent determined that petitioner was not entitled to deduct the cost of Mrs. Managan's studies at UCF. Petitioner contends that this course of study did not prepare Mrs. Managan for a new trade or business, but it merely allowed her to maintain and improve her skills, as well as to enhance the reputation of MRG.

Educational costs incurred to maintain or improve skills required by the individual's trade or business are deductible as ordinary and necessary business expenses, unless they are incurred to meet minimum educational requirements for a taxpayer's trade or business or qualify the individual in a new trade or business. Sec. 1.162-5(a) and (b), Income Tax Regs.

Prior to taking her 1995 and 1996 courses at UCF, Mrs. Managan performed environmental audits for MRG. The chemistry degree, however, qualified her for a new trade or business. Indeed, she used the degree to obtain employment in a laboratory, in 1997.

We need not address the burden of proof relating to this issue because the documentary evidence and Mrs. Managan's testimony established that Mrs. Managan's UCF classes qualified her for a new trade or business. Accordingly, petitioner is not entitled to deduct Mrs. Managan's 1995 and 1996 educational expenses.

III. The Boat

Respondent determined that petitioner is required to capitalize legal fees paid to obtain a lobster fishing license from Honduras and expenses (i.e., cost of utilities and moving the partially completed vessel) relating to building the Dinky Dau. Petitioner contends that these are deductible business expenses.

Section 162(a) allows a deduction for all ordinary and necessary business expenses paid or incurred during the taxable year. The costs of acquiring licenses with useful lives exceeding 1 year are capital expenditures and are not deductible as business expenses. <u>Radio Station WBIR, Inc. v. Commissioner</u>, 31 T.C. 803, 815 (1959). Section 263A requires the capitalization of direct and indirect costs incurred in the taxpayer's production of personal property.

We conclude that the burden of proof relating to this issue is on petitioner. Petitioner presented no evidence that the attorney's fees paid to obtain a lobster fishing license provided a benefit limited to 1996. In addition, petitioner's testimony established that the utility and moving expenses were incurred as part of the construction process and are subject to section 263A. Accordingly, petitioner is not entitled to deduct the attorney's fees, moving costs, or utility costs in 1996.

Contentions we have not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.